IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30917-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEWITT ALLEN HARRELSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Dewitt Harrelson challenges his conviction for first degree child molestation on the basis of evidentiary and counsel error. Concluding that there was no prejudicial error, we affirm.

## FACTS

Mr. Harrelson was accused of molesting his friend's daughter, AB, age 10. Mr. Harrelson's girl friend would babysit AB after school. The girl friend later would testify that AB was never alone with Mr. Harrelson. However, both AB and Mr. Harrelson testified that there were occasions when they were alone. AB indicated that Mr. Harrelson touched her inappropriately on several of those occasions.

AB had first disclosed the abuse to a school counselor, Ms. Hall, following her report of the abuse on a written personal safety questionnaire. Ms. Hall testified that AB

identified Mr. Harrelson as the abuser and then went into an "absolute heartbreaking breakdown." Ms. Hall hugged AB and tried to comfort her. Hall did not tell AB's father, explaining that he was already mad and that she, too, would be "losing it too if I was a parent" whose daughter had been molested. Ms. Hall testified that AB was a "good girl" who did not "overreact to little things." The parties also stipulated to the admission of a videotaped interview of AB by counselor Karen Winston; it was played during the prosecution's case-in-chief.

The defense was permitted to cross-examine AB about several incidents of theft. She admitted stealing from teachers at school and from her aunt. She admitted that she had been caught smoking in the bathroom at school and lied about it. She also testified that she did not always get along with Mr. Harrelson, particularly when he made her do her homework or he was enforcing her father's discipline.

Mr. Harrelson testified that he never molested AB and did not consider any ten-year-old to be sexually arousing. He also testified that he did not like AB being in his home because of her behavior and insubordinate attitude, which he feared was a bad influence on his own daughter. The defense was not permitted to introduce evidence of AB's lengthy school disciplinary record and her pending charges in juvenile court for delivery of a controlled substance and possession of stolen property.

The jury convicted Mr. Harrelson as charged. He timely appealed to this court.

ANALYSIS

This appeal presents challenges to the court's ER 608(b) ruling concerning AB's school records and pending charges, trial counsel's performance with respect to the taped interview with Winston and Ms. Hall's testimony, and the prosecutor's cross-examination of the defendant.[1] We will address those matters in the order noted.

*ER 608(b)*

Mr. Harrelson argues that the trial court erred in declining to permit him the full scope of his desired cross-examination of AB concerning her school disciplinary record and the pending juvenile court matter. The trial court did not abuse its discretion in drawing the lines as it did.

A trial court's evidentiary rulings are reviewed for abuse of discretion. *State v. Guloy*, 104 Wn.2d 412, 429-30, 705 P.2d 1182 (1985). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

ER 608(b) provides in essence that a party may not attack the credibility of a witness by extrinsic evidence of prior conduct, but the witness may be cross-examined as to her character for truthfulness or untruthfulness. The prosecution cited this rule while moving in limine to prohibit cross-examination of AB on the noted behaviors; the trial

---

[1] Appellant also argues that there was cumulative error. In light of our conclusion that there was no error, let alone multiple instances of it, we do not address this claim.

court largely followed the contours of the rule although it did not invoke ER 608 in its ruling. Mr. Harrelson argues that he did not seek to admit the evidence to impeach AB's character, but to substantively prove that she was a repugnant person in support of his opinion that she was repugnant.

This argument tries to do too much. First, we are dubious that there is a character trait of repugnance. Even if it were a character trait, instances of conduct can only be used to prove a specific character trait that is an essential element of a crime or defense. ER 405(b). Repugnance is not an essential element of any known defense, let alone this defense. Here Mr. Harrelson's defense was denial. As tried, the case came down to believing the defense witnesses or the State's witnesses. The case turned on credibility. The trial court thus properly applied ER 608(b) and limited the defense to evidence of lying and theft that reflected on AB's credibility. Evidence that did not reflect on credibility was properly excluded.

The defense argument was little more than an attempt to evade the strictures of ER 404(b), ER 405(b), and ER 608(b). The trial court did not abuse its discretion in limiting the evidence to that which satisfied the rules. There was no error.

*Effective Assistance of Counsel*

Mr. Harrelson next argues that his counsel provided ineffective assistance by failing to challenge Ms. Hall's testimony that AB was a "good girl" and by stipulating to

4

the admission of the Winston interview. These arguments fail to meet his heavy burden in this context.

The standards of review of a claim of ineffective assistance of counsel are well understood. The Sixth Amendment guarantee of counsel requires more than the mere presence of an attorney; counsel must perform to the standards of the profession. Failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-91, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance, the defendant must show both that his counsel erred and that the error was so significant, in light of the entire trial record, that it deprived him of a fair trial. *Id.* at 690-92.

Mr. Harrelson's challenge flounders here due to the deference we must give to strategic or tactical choices of counsel. The stipulation to the admission of the Winston interview was a clear tactical decision. Mr. Harrelson therefore has to show that this choice was so far below the standards of the profession that it amounted to error. He can not make that showing. While the video was objectionable hearsay when offered in the State's case-in-chief, the nature of the defense in this case required attacks on the credibility of AB. At that point the interview would have been admitted as a prior

consistent statement in rebuttal of those attacks. ER 801(d)(1)(ii). Given the approach to the case, counsel easily could decide it was less harmful to have the video entered early in the State's case than have it come in late as one of the last words the prosecution would enter.

Counsel also used some of AB's comments from the video in closing argument to challenge her motivation for reporting Mr. Harrelson. This decision, too, was clearly a tactical choice.

The decision not to object to Ms. Hall's testimony was also a tactical choice. Mr. Harrelson argues that the testimony vouched for AB's character, amounting to an opinion that he was guilty. However, testimony does not amount to error unless it is "a nearly explicit statement by the witness that the witness believed the accusing victim." *State v. Kirkman*, 159 Wn.2d 918, 936, 155 P.3d 125 (2007). We doubt that Hall's testimony was even a comment on AB's overall character. Ms. Hall's point was that AB did not overreact to small matters. In context, her testimony does not appear to be erroneous and we cannot fault counsel for not objecting to it.

However, even if the now challenged testimony was capable of being seen as an improper comment, counsel could properly decide that objecting to the testimony would only highlight it for the jury. The decision whether or not to challenge marginally objectionable evidence is normally a strategic decision for counsel. How to try a case, including which evidence to offer or to challenge, is the essence of the trial attorney's

6

job. It is so clearly a strategic or tactical decision that whatever action counsel takes in this regard will seldom rise to the level of attorney error. That is the case here. How to treat any potential error in Ms. Hall's testimony was a decision to be made by counsel. Mr. Harrelson has not shown that the failure to object fell below professional standards.

Appellant has not met his burdens to show that his counsel failed him, let alone did so in a prejudicial manner. He was provided effective representation.

*Prosecutor's Questioning*

The final issue presented is a contention that the prosecutor committed misconduct in asking a question of Mr. Harrelson in cross-examination. There was no misconduct.

"A defendant claiming prosecutorial misconduct bears the burden of establishing the impropriety of the prosecuting attorney's comments and their prejudicial effect." *State v. Corbett*, 158 Wn. App. 576, 594, 242 P.3d 52 (2010) (citations omitted). A reviewing court must first determine if the comments were improper. Our review must assess the challenged comments in context. *Id.* "Absent a proper objection and a request for a curative instruction, the defense waives a prosecutorial misconduct claim unless the comment was so flagrant or ill intentioned that an instruction could not have cured the prejudice." *Id.* In this case, counsel did not object to the alleged misconduct; thus, this court reviews the statements for incurable flagrancy.

During cross-examination, the prosecutor asked Mr. Harrelson if he told Detective Lebsock that he loved AB. Mr. Harrelson responded that the assertion was a "lie."

7

No. 30917-7-III
*State v. Harrelson*

Report of Proceedings (RP) at 310. No mention was made of when this discussion occurred. It only became clear afterward, when Detective Lebsock was recalled to the stand, that Mr. Harrelson had been talking about a June 2010 contact with the detective, while the prosecutor had been asking about an August 2010 contact. RP at 312. Upon being recalled, the detective testified that Mr. Harrelson told him in August of 2010 that "he loved [AB]." *Id.*

Accordingly, the prosecutor's questioning did not present facts not in the evidence. The prosecutor asked Mr. Harrelson *whether* he had made the statement, not *when* he made the statement. There was no error, let alone such egregious error that the failure to challenge it did not constitute a waiver of the claim.

The conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____          _____
Siddoway, J.                                               Fearing, J.

8